**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARY D. VANCE,
                    Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
CH-0845-15-0425-I-1

DATE: February 5, 2016

**THIS FINAL ORDER IS NONPRECEDENTIAL[1]**

Mary D. Vance, South Point, Ohio, pro se.

Patrick Jennings, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied her request for waiver of an overpayment of annuity benefits. Generally, we grant petitions such as this one only when:  the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by our finding that the adjustment of the repayment schedule affirms and does not modify the reconsideration decision, we AFFIRM the initial decision.

## BACKGROUND

¶2      In January 2009, the appellant retired pursuant to a disability retirement under the Federal Employees Retirement System (FERS). Initial Appeal File (IAF), Tab 6 at 13, 52. In its January 2009 disability retirement approval letter, OPM informed the appellant that she was required to apply for Social Security Administration (SSA) disability benefits and that she must immediately inform OPM of the amount and effective date of such benefits. *Id*. at 13. OPM also informed the appellant that the SSA disability checks would be needed to pay OPM for the reduction that should have been made in her FERS annuity and that they should not be negotiated until the FERS benefit has been reduced. *Id*. at 14.

¶3      The appellant was awarded SSA disability benefits effective July 2009. *Id*. at 36. In September 2012, OPM informed the appellant that: (1) it received information that she had received SSA disability benefits effective in July 2009; (2) as a result, she had received an overpayment of $14,257.00 in disability

retirement benefits for the period from July 2009 to May 2012; and (3) OPM would collect the overpayment in 51 monthly installments of $276.60 and a final installment of $150.40. IAF, Tab 6 at 19-20. In response, in October 2012, the appellant requested reconsideration of the existence and amount of the overpayment, waiver of the overpayment, or lower installments. *Id*. at 25, 31. In May 2015, OPM issued an amended reconsideration decision that affirmed its initial decision, but found that the appellant was entitled to an adjustment of the collection schedule to 190 monthly installments of $75.00 and one installment of $7.00.[2] *Id*. at 7-9.

¶4     The appellant challenged the reconsideration decision before the Board. IAF, Tab 1. She appeared to assert that she had informed OPM of her SSA disability award by telephone and facsimile, but that OPM failed to reduce her annuity at that point. *Id*. She did not request a hearing. *Id*. The administrative judge issued an initial decision based upon the written record denying the appellant's request for waiver, but finding that OPM must adjust its collection schedule to $75.00 per month for 190 months, with one final payment of $7.00. IAF, Tab 28, Initial Decision (ID).[3] The appellant has filed a timely petition for review in which she challenges the administrative judge's finding that she was aware that she had to set aside the SSA disability benefits and states that the administrative judge incorrectly concluded that she did not notify OPM of her

---

[2] OPM previously issued a reconsideration decision in April 2015 that did not adjust the monthly payment. IAF, Tab 6 at 10-12.

[3] The administrative judge found that OPM had offered a modified collection schedule in response to the appeal and stated that, after reviewing the record, she found the schedule to be reasonable. ID at 5-7; *see* IAF, Tab 19. In fact, OPM offered this adjustment of the collection schedule in its amended reconsideration decision. IAF, Tab 6 at 9. Therefore, we modify the initial decision to the extent that the administrative judge stated she was modifying the reconsideration decision concerning the repayment schedule and instead find that the administrative judge affirmed the reconsideration decision in this respect.

receipt of SSA disability benefits.[4]  Petition for Review (PFR) File, Tab 1.  OPM has filed a response in opposition to the appellant's petition for review, PFR File, Tab 4, and the appellant has filed a reply to OPM's response, PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      OPM bears the burden of proving the existence and amount of an overpayment by preponderant evidence.[5]  *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); *see* 5 C.F.R. § 845.307(a).  If the appellant claims that she is entitled to a waiver of the overpayment, she has the burden of proving, by substantial evidence, that she is entitled to a waiver.[6] *Vojas*, 115 M.S.P.R. 502, ¶ 18; *see* 5 C.F.R. § 845.307(b).  Generally, the recovery of a FERS overpayment should be waived if the recipient is without fault and recovery would be against equity and good conscience.  *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 5 (2012); *see* 5 U.S.C. § 8470(b); *see also* 5 C.F.R. § 845.301.  Recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that she relinquished a valuable right or changed positions for the worse, or recovery would be unconscionable under the circumstances.  *Boone*, 119 M.S.P.R. 53, ¶ 5.

---

[4] On review, the appellant appears to express her uncertainty about what is required to demonstrate financial hardship.  PFR File, Tab 1.  It is unclear whether the appellant's statement is an attempt to challenge the repayment schedule.  However, we see no reason to disturb the administrative judge's finding regarding the repayment schedule and note that, should her financial situation change in the future, the appellant is free to renew her request for a reduced repayment schedule.  *See Fearon v. Office of Personnel Management*, 109 M.S.P.R. 606, ¶ 9 n.2 (2008).

[5] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[6] Substantial evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree.  5 C.F.R. § 1201.4(p). This is a lower standard of proof than preponderance of the evidence.  *Id*.

¶6        OPM policy provides, however, that individuals who know or suspect that they are receiving overpayments are expected to set aside the amount overpaid pending recoupment and that, in the absence of exceptional circumstances, recovery in these cases is not against equity and good conscience.  OPM's Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and FERS § 1.C.4 (hereinafter Policy Guidelines, located at IAF, Tab 6 at 55-93); *see Slater v. Office of Personnel Management*, 42 M.S.P.R. 510, 516-17 (1989) (finding the set-aside rule "reasonable and appropriate").  Pursuant to Board precedent and the Policy Guidelines, exceptional circumstances involve extremely egregious errors or delays by OPM.  *See, e.g.*, *Dorrello v. Office of Personnel Management*, 91 M.S.P.R. 535, ¶ 7 (2002); *see also* Policy Guidelines § I.C.4.  The set-aside rule goes to the question of whether recovery would be against equity and good conscience. *See Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶ 8 (2007).

¶7        Assuming, without deciding, that the appellant was without fault in the overpayment, we find that the appellant has failed to establish that she is entitled to a waiver because she should have set aside the overpayments in order to repay the debt.  OPM notified the appellant in January 2009 that if SSA awarded her disability benefits, she would be receiving an overpayment and should set aside her SSA disability benefits to reimburse OPM for the overpayment.  IAF, Tab 6 at 13-14.  We find that this notification by OPM provided the appellant with sufficient notice of the set-aside rule and that she should have set aside the SSA checks.  *See Gulan v. Office of Personnel Management*, 86 M.S.P.R. 16, ¶¶ 2, 9 (2000).

¶8        The appellant argues that the administrative judge improperly concluded that she did not notify OPM of her award of SSA disability benefits.  PFR File, Tab 1.  To the contrary, the administrative judge noted the appellant's contention that she received notice of her SSA disability benefits on or around July 27, 2010, and faxed notice of her benefits to OPM on July 30, 2010.  ID at 4; *see* IAF,

Tab 15.  She found that the appellant was without fault in creating the overpayment, but also found that the set-aside rule was applicable, regardless of whether the appellant was without fault in creating the overpayment.  ID at 4. We discern no basis for disturbing these well-reasoned findings on review.  *See Knox*, 107 M.S.P.R. 353, ¶¶ 7-9 (holding that the appellant was without fault in creating the overpayment but that she still was not entitled to a waiver because she should have set aside the overpayments).

¶9      Under the particular circumstances in this case, we find that recovery of the overpayment would not be against equity and good conscience*. See Knox*, 107 M.S.P.R. 353, ¶¶ 8-9.   We therefore affirm the initial decision affirming OPM's reconsideration decision that denied the appellant's request for waiver of an overpayment of annuity benefits.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:　　　　　　_____
　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.